## STILLWELL *v.* HURLBERT *et al.*

A deputy sheriff, holding an execution, took a bond running to his principal, conditioned to indemnify the latter and all persons assisting him in the premises : *Held*, that an action lies in the name of the sheriff for the benefit of the deputy, without any assignment of the cause of action by the latter.

APPEAL from the Supreme Court. Action upon a bond to the plaintiff, sheriff of Oswego, reciting the issuing of an execution directed to the plaintiff against one Eri D. Harrington, and that certain goods and chattels which appeared to belong to the latter were claimed by William H. Harrington and conditioned to indemnify the plaintiff and all persons aiding or assisting him in the premises, from all damages for levying upon and selling the property. The breach was the recovery, by one Capron, of a judgment against Lee, a deputy of the plaintiff, for the seizure and sale by the latter of the property levied upon ; the payment by Lee of the judgment and costs of defending the action in which it was recovered, and the neglect of the defendants to indemnify Lee. The complaint stated an assignment by Lee, to the plaintiff, of his interest in the bond and of his right of action, by reason of the facts stated. Upon the trial there was a failure to prove that the assignment was ever delivered to the plaintiff, or that he knew of its exist ence. The defendants moved for a nonsuit, which was denied. The plaintiff had a verdict, which the Supreme Court, at general term in the fifth district, refused to set aside ; and judgment thereon having been perfected, the defendants appealed to this court.

*John H. Reynolds*, for the appellants.

*Lyman Tremain*, for the respondent.

HARRIS, J. At the time the bond upon which this action is brought was executed, the plaintiff was sheriff of Oswego

and Lee was his deputy. An execution in favor of the defendant against one Harrington, had been delivered to Lee as such deputy, and property in the possession of the defendant in the execution had been seized by him. To induce the deputy to sell the property thus taken in execution, and which might belong to some other person, the defendants, who were plaintiffs in the execution, executed the bond in question. Aware that any person claiming the property which had been taken might, at his election, sue either the sheriff or the deputy, it was made a condition of the bond, that the defendants should indemnify not only the sheriff, but " all and every person and persons aiding and assisting him in the premises." In respect to the deputy who held the execution, and who in fact received the bond, the plaintiff became the trustee of an express trust. The obligation was executed to him for the benefit of his deputy. It is the precise case for which provision is made in the 113th section of the Code. The suit was properly brought in the name of the sheriff. The deputy having been sued for the price of a wagon he had sold under the defendants' execution, and a judgment having been recovered against him, the defendants became liable, according to the condition of their bond, for the amount recovered against him, together with the expenses incurred by him in defending the action. Without reference, therefore, to the assignment of the demand to the plaintiff, or whether such an assignment was perfected or not, the action was well brought and the recovery right.

The judgment of the Supreme Court should, therefore, be affirmed.

All the judges concurring,

Judgment affirmed.