[Filed March 4, 1892.]

ANNE S. BURTON *v.* FRANK SEVERANCE ET AL.

EVIDENCE—DAMAGES—OPINION OF WITNESS.—The general rule of evidence is, that a witness must state facts, and not draw conclusions from them or give opinions; and hence, in actions for damages, while a witness may state the facts upon which the damages are predicated, he cannot give his opinion concerning the amount of damage resulting from any given act or omission, because it is the exclusive province of the jury to assess damages under the rules of law declared by the court.

APPEALS—SPECIFICATIONS OF ERROR.—The notice of appeal must specify the errors complained of with such certainty that the appellate court may see upon what grounds the ruling of the court below was based, otherwise the alleged errors will be disregarded.

Tillamook county: R. P. BOISE, Judge.

Defendants appeal.  Reversed.

*W. W. Thayer*, and *James McCain*, for Appellants.

*Raleigh Stott*, and *T. B. Handley*, for Respondent.

LORD, J.—This is an action to recover damages for an alleged obstruction of Tillamook river. The plaintiff alleges in her complaint that she is the owner of certain lands adjacent to and abutting upon said river; that said river is a navigable stream in which the tide ebbs and flows regularly, and that she uses and enjoys her said lands by means

of said river, navigating the same in boats and scows from various parts of said land; that she also navigates and uses the waters of said river for the purpose of marketing wood cut from her said lands, for going to and from the county seat, postoffice and other places of business, and that the value of said lands is much enhanced by the facilities afforded by said river; that the defendants have, during a period therein named, obstructed said river by driving piles in the bed thereof, and erecting and maintaining a log boom across the same so as to stop the navigation thereof; that by means of said acts the plaintiff has, during a great part of the time, been prevented from using said river, either to pass to and from different parts of her lands, or to market wood or other products, or for ordinary purposes of travel, and that thereby she has been damaged in the sum of two hundred dollars, and that the value of said lands has been reduced, and that she has been damaged thereby in the sum of one thousand dollars; that she has been further damaged by obstructions to a tributary creek, etc.

The defendants answered, denying that said Tillamook river is navigable except to run sawlogs and float wood, or that plaintiff uses or enjoys her said lands by the means alleged, etc.; and deny the material allegations of the complaint, except as admitted in the second defense to the action. As such second defense, the defendants allege that on the eleventh day of May, 1889, the county court of Tillamook county, upon application duly made to it, under and in accordance with the provisions of the act of the legislature entitled, "An act authorizing the county courts of the several counties of the state to declare unnavigable streams highways for floating logs and timbers," etc., approved February 25, 1889, duly ordered and declared that part of said river, from the mouth of South Prairie slough to the headwaters thereof, which included the portion of said river where the alleged piles are driven and the said boom erected and maintained, to be a public highway for the

floating and transportation of logs, timber and lumber; that thereafter and on the same day, the said county court duly entered into a contract with said Frank Severance, in pursuance of said act, leasing to him the use of said part of said river for the term of thirty years, to be used as such public highway, with the right to collect tolls, etc., and further alleged the execution of said lease, and a compliance with the terms thereof, and that said piles were driven and the boom maintained in accordance therewith and upon lands owned by the defendants.

The plaintiff's reply put in issue the new matter set up in the defense. The verdict and judgment went for the plaintiff.

The bill of exceptions shows that upon the trial the plaintiff offered herself as a witness, and that after testifying as to the alleged obstruction of said river, and as to the inconvenience and injury resulting therefrom, she was asked the following question: "How much were you damaged by reason of not being able to transport your hay by scows, and having to do it in the way you did?" This question defendants objected to on the ground that it was incompetent and called for the opinion of the witness. The court overruled the objection and defendants' counsel excepted. The witness answered, "Well it is hard to say; it took two boys and myself. We did not do anything else but just wait on stock. I do not know as I can say." Thereupon plaintiff's counsel asked this question: "How much have you been damaged on account of all the inconvenience and trouble that you have been put to in loss of time, labor, and so forth, by reason of this obstruction? How much have you been damaged in not being able to come to the postoffice and bring down your wood and your flour, and the general use of the river up to the time this suit was brought?" To these questions the defendants' counsel objected on the ground that the same were incompetent and called for the opinion of the witness. The court

overruled the objection, and counsel for the defendants excepted, and then the witness answered, "Well, about thirteen hundred dollars, I think; that is what I think I ought to have." This exception constitutes the first ground of error upon which the defendants rely for a reversal of the judgment.

The general rule of evidence is, that a witness must state facts and not draw conclusions from them or give opinions. Our code provides that a witness can testify of those facts only of which he knows of his own knowledge, that is, which are derived from his own perceptions, except in those few express cases in which his opinions or inferences or declarations of others are admissible. (Hill's Code, § 682.) The cases in which the opinions of witnesses are allowable constitute exceptions to the general rule. The opinion of a witness may be given respecting the identity or handwriting of a person when he has knowledge of the person or handwriting, or on a question of science, art, or trade, when he is skilled therein. (Hill's Code, Sub. 9, § 706.)

"As a rule," said Allen, J., "witnesses must state facts, and not draw conclusions or give opinions. It is the duty of the jury, or court, to draw conclusions from the evidence, and form opinions upon the facts proved. The cases in which opinions of witnesses are allowable, constitute exceptions to the general rule, and the exceptions are not to be extended so as to include new cases, except as necessity may require to prevent a failure of justice, and when better evidence cannot be had. On questions of science or trade, experts in the particular science or trade may give opinions. (1 Greenl. Ev. § 440; 1 Phil. Ev. 290.) On questions of value, a witness must often be permitted to testify to an opinion as to value, but the witness must be shown to be competent to speak upon the subject. He must have dealt in or have some knowledge of the article concerning which he speaks. Persons should be conversant

with the particular article, and of its value in the market, as a farmer or dealer, or a person conversant with the article, as to the value of lands, cattle, produce, etc. These stand upon the general ground of peculiar skill and judgment in the matters about which opinions are sought." (*Terpenning* v. *Ins. Co.* 43 N. Y. 279; *Lincoln* v *S. & S. R. R. Co.* 23 Wend. 433.) Nor is a witness allowed to give his opinion of the amount of damages resulting from any given act or omission. He must testify as to the facts, and will not be allowed to give his opinions founded on these facts, or the inferences which may be drawn from them.

"A witness," Mr. Sutherland says, "is not allowed to give his opinion of the amount of damages a party sustains from a given act or omission, because when he does so he includes the law as well as the fact. It is the province of the jury to assess the damages according to the rule of law, which it is the province of the court to lay down for their guidance; and witnesses are allowed only to furnish the data from which the amount is arrived at." (1 Suth. Dam. 794.) In *Morehouse* v. *Mathews,* 2 N. Y. 514, the witness was asked: "What damages accrued in consequence of feeding the cattle upon the hay in question instead of that agreed upon?" The defendant objected to the question on the ground that the witness could not give his opinion, but must give the facts. The objection was overruled, and the witness answered that he thought the damages would be fifty dollars. The court held that the evidence was improperly admitted, saying that "the witness should have been confined in his testimony to questions of fact, such as the number, condition, and value of the cattle kept by the defendant, the quality of hay used in comparison with that agreed for, the effect the poor hay produced upon the cattle, and thus have laid a foundation of facts from which the jury or justice could have formed an opinion of the amount of damages actually sustained." (*Clark* v. *Baird,* 9 N.Y. 183;

*Whitmore* v. *Bowman*, 4 G. Greene, 148; *Evansville etc. R. Co.*
v. *Fitzpatrick*, 10 Ind. 120.)

In the case at bar, the witness should have stated the
facts—what she had seen and knew in respect to the mat-
ters in issue—and from those facts left the jury to draw the
inferences, or form an opinion. It is clear the evidence was
improperly admitted, for, as DARGAN, C. J., said: "I have
not been able to find any case that holds the opinions of
witnesses as to the *quantum* of damages resulting from any
act, competent proof." (*M. & W. P. R. R. Co.* v. *Varner*, 19 Ala.
187.)

The bill of exceptions also show that after the plaintiff
had rested her case, the defendants offered in proof of their
defense the original petition to declare said Tillamook river
a public highway between certain points, including the
place where said boom was located, and the proceedings
before the county court, including the lease or contract,
alleged and referred to in the answer and set forth in the
bill of exceptions, to the introduction of which plaintiff's
counsel objected and the court sustained the objection, to
which ruling the defendants' counsel excepted, and this
constitutes the only other ground of error assigned in the
notice of appeal. It does not appear from the record upon
what grounds the trial court refused to allow the lease and
other papers and proceedings to be given in evidence. The
counsel for the defendants say that "the circuit judge did
not undertake to hold that the act in question was invalid,"
that is, the act authorizing the county courts of the several
counties of this state to declare unnavigable streams high-
ways for the floating of logs, timber, etc., under which the
defendants claim to have proceeded. If this be so, we shall
certainly not undertake to pass upon so important a ques-
tion, when no question of that character is raised in the
court below, nor any specific ground of error assigned for
the ruling. All that appears in the notice of appeal, or in
the bill of exceptions, is that the court erred in sustaining

the objection to the admission of the evidence. In such case it has been the constant practice of this court to hold that the appellant must specify the error complained of, otherwise to refuse to consider it. Innumerable objections may be suggested to come within the range of a general objection, and especially so in a case like this, and none of them be the objection passed upon by the trial court. Counsel for appellants say: "The only inference which can be drawn from the ruling is, that the proceedings did not, as a matter of law, authorize the construction of the boom." If it be meant by this statement, assuming that the river is not navigable, and that the county court exercised its jurisdiction in a proper case, that the ruling of the circuit court was to the effect that the defendants in the exercise of the rights acquired under their lease could not interfere with or obstruct the rights of riparian owners under the statute, without first obtaining their consent, as provided, we are inclined to think the ruling correct.

As the case must go back, and an opportunity will be afforded to get the precise point passed upon, it is better that we should reserve our judgment.

The judgment must be reversed and a new trial ordered.