## UTAH NATIONAL BANK OF OGDEN, RESPONDENT, *v.* MILLS H. BEARDSLEY, APPELLANT.[1]

JUDGMENT.— REVIVAL IN FAVOR OF PURCHASER AT EXECUTION SALE OF PERSONAL PROPERTY.—STATUTORY CONSTRUCTION.— 2 Comp. Laws 1888, § 3450, provides that if the purchaser of real property sold on execution, be evicted therefrom in consequence of irregularities in the proceedings or in the reversal or discharge of the judgment, he may recover the price paid with interest from the judgment creditor. If the purchaser "of property" at an officer's sale fail to recover "possession" because of irregularity in the sale, or if the property was not subject to execution and sale the court must revive the original judgment in the name of the petitioner for the amount paid by the purchaser at the sale, with interest, and such judgment shall have the same force as an original judgment at the date of revival. *Held, First* that the words "of property" found in the latter clause of such section applies to sales of personal as well as real property. *Second*, that the operation of such statute is not affected by §§ 577 and 581 of

---

[1] Appealed to the supreme court of the United States July 27, 1894.

the Code of Civil Procedure, which require that where personal property sold on execution is capable of manual delivery, it must be present at the sale, and the officer must deliver it to the purchaser. *Third*, that the word "possession," as used in the statute, means a possession coupled with a right of property, and not a mere naked possession such as might be acquired under a void sale.

(No. 465.   Decided July 27, 1894.   37 P. R. 586.)

APPEAL from the District Court of the Fourth Judicial District.   Hon. James A. Miner, *Judge.*

Proceeding under 2 Comp. Laws 1888, § 3450, by Esther Broom, administratrix of the estate of John Broom, deceased, against Mills H. Beardsley to revive the judgment in the case of the Utah National Bank of Ogden against Mills H. Beardsley. From a judgment of revival in favor of the administratrix for the sum of $9.568.37, defendant appeals. *Affirmed.*

A brief history of the litigation out of which this proceeding arose may be summed up as follows: On March 18, 1885, the Utah National Bank of Ogden obtained judgment against Mills H. Beardsley for the sum of $3,080 with interest at the rate of two per cent. a month. Execution was afterwards issued upon the judgment and levied on the 13th day of August, 1885, by the United States marshal upon the furniture and fixtures of the Broom Hotel in Ogden City as the property of the defendant Beardsley and thereafter sold for the sum of $3,856.75 to John Broom. At the date of the levy and sale, the property was covered by a mortgage from Beardsley to one James C. Armstrong, to secure the payment of a promissory note for the sum of $8,000 due May 14, 1885. At the time of the levy the marshal did not pay or tender to Armstrong, the mortgagee, the amount of the mortgage debt and interest, as required by 2 Comp. Laws 1888, §

2806.  On July 22, 1885, Armstrong began an action to foreclose his mortgage and on the 21st day of September, 1885, amended his complaint making John Broom, the purchaser at the marshal's sale, a defendant.  On the 18th day of November, 1885, the property was placed in the hands of a receiver.  On June 24, 1886, judgment was entered in the foreclosure suit in favor of Armstrong, the mortgagee.  From this judgment Broom appealed to the supreme court of the territory, and at the January term thereof, 1887, the judgment of the lower court was affirmed (See *Armstrong* v. *Broom*, 5 Utah, 176).  That thereafter an appeal was taken to the supreme court of the United States, from the judgment of the supreme court of Utah territory and at the October term, 1890, the judgment of the supreme court of the territory was affirmed. (See *Broom* v. *Armstrong*, 137 U. S. 266, 34 L. ed. 648.) After the affirmance in the supreme court of the territory and pending an appeal to the supreme court of the United States, the United States marshal, on the 18th day of April, 1887, sold the said personal property under an execution in the foreclosure suit of *Armstrong* v. *Beardsley & Broom,* for the sum of $2,808.65.  The supreme court of the United States, by its mandate of December 1, 1890, remanded the cause to the supreme court of the territory and on the 16th day of February, 1891, the supreme court remanded the cause to the lower court, and thereupon John Broom, the original purchaser at the first execution sale, filed his petition on May 31, 1892 for a revival of judgment in his favor in the case of the *Utah National Bank of Ogden* v. *Beardsley.*  Broom having died, Esther Broom, administratrix of his estate, was substituted in his stead.

*Mr. Ogden Hiles* and *Messrs. Sutherland & Howatt,* for appellant.

*Messrs. Kimball & Gilbert,* for respondent.

BARTCH, J.:

This is a proceeding by motion of the administratrix of the estate of John Broom, deceased, a purchaser of certain personal property at a sale under an execution issued out of the district court, to revive the judgment in her favor, under the provisions of section 3450, Comp. Laws Utah 1888. Upon the hearing of the cause the court rendered judgment in favor of the administratrix, and against the defendant, Beardsley, for the sum of $9,568.37 and costs, and ordered that the former judgment of the court, rendered in favor of the plaintiff and against the defendant herein, be revived, as prayed for. From this judgment the defendant appealed to this court.

It appears from the record that, at the time the property in question was purchased at the execution sale by John Broom, the deceased, one J. C. Armstrong held a mortgage against the same, as security for a note, in the sum of $8,000, executed and delivered to him by the defendant, and that the officer who conducted the sale under the execution, neither before nor after such sale, paid to Armstrong the mortgage debt, or offered to pay the same, or made any tender thereof. Afterwards, and while the property was in the possession of Broom, Armstrong brought suit to foreclose the mortgage, and Broom was impleaded with Beardsley in the foreclosure suit. In this suit the lien of the mortgage was held valid, and on appeal the judgment was affirmed by the supreme court of this territory, and of the United States. The property, having in the meantime been placed into the hands of a receiver, was again sold under execution upon the judgment in the foreclosure suit. Broom, having thus lost the possession of the property, then instituted these proceedings to revive the judgment in the original suit, and

upon his death the administratrix of his estate was substituted as petitioner herein. Under this state of facts, it is insisted by counsel for appellant that the court erred in rendering the judgment appealed from, and referred to above.

The section of the statute under which these proceedings were instituted, as stated above, reads as follows: "If the purchaser of real property sold on execution, or his successors in interest, be evicted therefrom in consequence of irregularities in the proceedings concerning the sale, or of the reversal or discharge of the judgment, he may recover the price paid with interest, from the judgment creditor. If the purchaser of property at an officer's sale or his successor in interest fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the court having jurisdiction thereof, must after notice, and on motion of such party in interest, or his attorney, revive the original judgment in the name of the petitioner for the amount paid by such purchaser at the sale, with interest thereon, from the time of payment at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more." Counsel for appellant insists that this whole section applies to sales of real estate, and is not applicable to sales of personal property, because the revival is provided for only where the purchaser fails to obtain possession, and that no purchaser at an execution sale of personal property can ever fail to obtain possession, because, under sections 577 and 581 of the Code of Civil Procedure, where such property is capable of manual delivery, it must be present at the sale, and the officer making the sale must deliver the property sold to the purchaser.

We are not inclined to adopt this view of the law.

The first sentence of the section above quoted is, by its terms, confined to real property; but in the second sentence there is a departure from the language used in the first, and the word "property" is employed, instead of "real property." The word "property" is frequently used in our law relating to the execution of the judgment in civil actions as a general term denoting both real and personal property, and it is so defined in section 2997, Comp. Laws Utah 1888. We are of the opinion that such is its meaning, as used in the second sentence of the section under consideration; and we are also of the opinion that the word "possession," as used in that sentence, means a possession coupled with a right of property, and not a mere naked possession, such as might be acquired under a void sale. The statute is remedial in its character, and should receive a liberal interpretation. *Cross* v. *Zane,* 47 Cal. 602. The law in question being applicable to sales of personal property, as we think it is, the petition in this case appears to state a case within the statute. There having been no payment or tender of payment of the mortgage, which was a valid lien, before sale, the property was not subject to execution. Comp. Laws Utah 1888, § 2806. Nor does the rule of *caveat emptor* apply in such a case as is shown by this record. Nor do sections 577 and 581, above referred to, affect the operation of section 3450. The judgment is affirmed.

MERRITT, C. J., concurs.