Decided 13 June, 1904.

### PACIFIC LIVESTOCK COMPANY *v.* MURRAY.

[76 Pac. 1079.]

TRESPASS BY SHEEP ON UNFENCED LAND*—DAMAGES.

1. Under the act of 1872 (Laws 1872, p. 123), providing that no action shall be maintained in specified counties of Oregon for injury done by certain enumer-

---

*See note in 81 Am. St. Rep. 446, Liability of Owners of Stock Herded or Permitted to Range on the Lands of Another, Though They are not Protected by a Lawful or any Fence.

See, also, notes: Damage by Trespassing Animals, Common-Law Rule, 4 L. R. A. 840; Liability of Owner for Trespass of Cattle, 22 L. R. A. 55; and briefs in *May* v. *Poindexter*, 47 L. R. A. 588.

As to sufficiency of fences to exclude or restrain cattle, see note in 22 L. R. A. 105.—REPORTER.

ated kinds of animals, not including sheep, unless the person injured shall allege and prove that the premises were inclosed with a lawful fence at the time of the alleged injury, the owner of sheep that trespass on unfenced land in the specified counties is liable for the injury so caused, the common law being there in force.

OPINION EVIDENCE OF AMOUNT OF DAMAGE.

2. Opinions as to the amount of damage suffered through a tort are not com-petent, the jury being the exclusive arbiters of that question.

MEASURE OF DAMAGES FOR DESTROYING GRASS.

3. The measure of damages caused by a trespass on grazing land is the rea-sonable value to the plaintiff of the destroyed verdure, and the value of the injury to the freehold.

TRESPASS—EVIDENCE OF INJURY BY OTHER TRESPASSERS.

4. In an action for damages caused by a trespass on grazing land, the defend-ant may show that others were intruding on the same property at the same time, and inflicted part of the injury complained of.

From Grant: MORTON D. CLIFFORD, Judge.

Action by the Pacific Livestock Company against Ken-neth Murray for damages caused by defendant's sheep on plaintiff's unfenced land. Plaintiff had judgment and defendant appeals. The case was submitted on briefs under the proviso of rule 16 of the supreme court: 35 Or. 587, 600.                                                     REVERSED.

For appellant there was a brief over the name of *Hicks & Davis* to this effect.

I. The common-law rule as to trespass ought not to be held applicable to the sparsely settled regions of this coun-try. It is to the public interest to condone unintentional trespasses: *Powers* v. *Kindt,* 13 Kan. 74; *Wingrove* v. *Wil-liams,* 6 Kan. App. 262 (51 Pac. 52); *Willard v. Mathesus,* 7 Colo. 76 (1 Pac. 690); *Monroe* v. *Cannon,* 24 Mont. 316 (61 Pac. 863, 81 Am. St. Rep. 436, with note); *Cosgriff* v. *Miller,* 10 Wyo. 190 (68 Pac. 206, 98 Am. St. Rep. 977); *Harrison* v. *Adamson,* 76 Iowa, 337 (41 N. W. 34); *Lazarus* v. *Phelps,* 152 U. S. 81 (14 Sup. Ct. 477).

II. The complaint is fatally defective in that it does not show that the land trespassed upon was inclosed by a law-ful fence. This is true of all parts of the State except those expressly excepted by statute: B. & C. Comp. §§ 4334–4340; *Campbell* v. *Bridwell,* 5 Or. 311; *Walker* v. *Bloom-*

*ingcamp*, 34 Or. 391 (43 Pac. 175, 56 Pac. 809); *Fry* v. *Hubner*, 35 Or. 184 (57 Pac. 420).

III. The measure of damages is the usable value of the land for so many sheep as may have pastured on it during the time complained of: Sutherland, Damages, (2 ed.) §§ 1016, 1017.

IV. As it appeared that other persons were grazing cattle on these lands during this time it devolved upon plaintiff to show what proportion of the damage was done by defendant's sheep: *Dooley* v. *Seventeen Thousand Five Hundred Head of Sheep*, (Cal.) 35 Pac. 1011.

V. Damages cannot be proved by asking a witness how much a thing is or was damaged: *Sharon Town Co.* v. *Morris*, 39 Kan. 377 (18 Pac. 230); Sutherland, Damages, (2 ed.) § 444.

For respondent there was a brief over the name of *John L. Rand* to this effect.

1. The act of 1872 is a substitute for the act of 1870 so far as concerns sheep, which leaves the common law in force as to uninclosed land, and now applies strictly to Grant County (*Strickland* v. *Geide*, 31 Or. 373, 49 Pac. 982); and the law of 1891 places Grant County under the act of 1872, and does not include sheep: Laws 1891, p. 128; B. & C. Comp. §§ 4341, 4344.

2. In general, the proper measure of damages for the destruction or loss of growing crops is the value of the same standing on the ground, and not the loss measured by the rental value of the land: *Byrne* v. *Minneapolis & St. L. Ry. Co.* 38 Minn. 212 (8 Am. St. Rep. 668, 36 N. W. 339); *Lommeland* v. *St. Paul, M. & M. Ry. Co.* 35 Minn. 412 (29 N. W. 119); *Folsom* v. *Apple River L. D. Co.* 41 Wis. 602; *Colorado Consol. L. & W. Co.* v. *Hartman*, 5 Colo. App. 150 (38 Pac. 62).

3. A witness may state his opinion as to the amount of

damage in cases of this kind: *Watery* v. *Hiltgen*, 16 Wis.
516; *Bird* v. *Chicago & N. W. Ry. Co.* 41 Wis. 65; *Wood-beck* v. *Wilders*, 18 Cal. 131; *Rogers* v. *Anson*, 42 Hun, 436.

Mr. Justice Bean delivered the opinion of the court.

This is an action to recover damages for the trespass of
defendant's sheep upon plaintiff's uninclosed grazing lands
in Grant County in the year 1902. Plaintiff had judg-
ment for $525, and defendant appeals. It is unnecessary
to set out the pleadings or the facts in detail. Two ques-
tions are presented for decision: (1) Whether an action
can be maintained for the depasturing of uninclosed lands
in Grant County by sheep under the charge of a herder,
without alleging and proving either that the premises
were inclosed by lawful fences, or that the sheep were
knowingly and wilfully driven and confined upon the land;
and (2) error in the admission and rejection of testimony.

1. At common law an owner of domestic animals was
required to confine them on his own land, and was liable
for any injury done by them to the uninclosed land of
another: 2 Waterman, Trespass, § 858; 2 Am. & Eng.
Enc. Law, (2 ed.) 351. This rule has in part been abro-
gated in this State by the several fence laws. In 1870 the
legislature passed an act requiring all fields or inclosures
to be inclosed by a certain character of fence, and provid-
ing that, if any stock broke into such inclosure, the owner
should be liable in damages therefor, but excluding the
counties of Umatilla, Baker, and Union from its opera-
tion: Laws 1870, p. 20. In *Campbell* v. *Bridwell*, 5 Or.
311, it was held that in the portion of the State where this
law applied an action could not be maintained for the
trespass of domestic animals without showing an inclosure
built in substantial conformity to the statute, and this
rule was reaffirmed in *Walker* v. *Bloomingcamp*, 34 Or. 391
(43 Pac. 175, 56 Pac. 809), and *Fry* v. *Hubner*, 35 Or. 184

(57 Pac. 420).  In 1872 the legislature so amended the act of 1870 as to include Umatilla County only (Laws 1872, p. 15), and at the same session enacted a law "in relation to trespass by cattle, and regulating fences in the counties of Umatilla and Wasco": Laws 1872, p. 123.  By section 1 of this latter act it is provided that no action shall be maintained for damages done by certain enumerated animals, not including sheep, unless the person seeking such damages shall allege and prove upon the trial that the premises at the time of the commission of the injury were inclosed with a lawful fence.  Section 2 defines what shall constitute a lawful fence within the meaning of the law. Section 3 provides for the seizure of the trespassing stock as security for the payment of the damages done by them, and section 4 that the act shall apply only to the counties of Umatilla and Wasco.  Section 2 was amended in 1874 (Laws 1874, p. 65), and as so amended, published in Hill's Compilation of the Laws of Oregon as sections 3452–3455. In *French* v. *Cresswell*, 13 Or. 418 (11 Pac. 62), *Bileu* v. *Paisley*, 18 Or. 47 (21 Pac. 934, 4 L. R. A. 840), and *Strickland* v. *Geide*, 31 Or. 373 (49 Pac. 982), it was decided that in counties to which the act of 1873 applied it is not necessary to fence against sheep, because they were not named in the act; that as to them the common-law rule prevails, and an action can be maintained for trespass on uninclosed lands.  This has been the law ever since *French* v. *Cresswell* was decided, and has been the basis for subsequent legislation.  We therefore do not feel like disturbing it, whatever views we might entertain if the question were one of first impression.  In 1901 the legislature extended, or endeavored to extend, the act of 1872 so as to include the counties east of the Cascade Mountains, naming them, by amending section 3455 of Hill's, Ann. Laws,*

---

*Note.—Now Section 4344, B. & C. Comp.

being section 4 of the law of 1872: Laws 1901, p. 128. If the latter act is valid, the doctrine of *French* v. *Cresswell* and the subsequent cases based thereon is applicable to an action for the trespass of sheep in Grant County, and there was no error in the ruling of the court upon that point.

Whether the subject-matter of the amendatory act of 1901 is so far germane to that of the one sought to be amended that it could have been included in the original without violating the provisions of the constitution requiring the subject of an act to be expressed in the title is a question we do not decide, but it is worthy of consideration. See *Ex parte Howe*, 26 Or. 181 (37 Pac. 536).

2. One Deardorf was called as a witness for the plaintiff, and testified that he was acquainted with the premises upon which the trespass is alleged to have been committed, and with the character of the grasses growing thereon. Thereupon counsel for the plaintiff propounded to him the following question: "Do you know how much that land was damaged by reason of the sheep trampling it up and eating it down last year?" to which defendant's counsel objected, on the ground that the question was incompetent, and called for the opinion of the witness. The objection was overruled, and the witness answered: "Well, it would be owing to the way —. If I owned it, I would not have had them on there for seven or eight hundred dollars; and I expect it damaged them the same as it would me. If it was my land I would not have had them on there for seven or eight hundred dollars." A motion to strike out this testimony was overruled. It has often been held that in an action to recover damages a witness may state the facts upon which the damages are predicated, and in a proper case, if qualified, may give his opinion upon a question of value, when material; but he cannot express an opinion as to the amount of damages sustained by the

plaintiff, because that is exclusively within the province of the jury, under the instruction of the court: *Burton* v. *Severence*, 22 Or. 91 (29 Pac. 200); *Chan Sing* v. *Portland*, 37 Or. 68 (60 Pac. 718, 15 Am. Neg. Rep. 1); *United States* v. *McCann*, 40 Or. 13 (66 Pac. 274); *Ruckman* v. *Imbler Lum. Co.* 42 Or. 231 (70 Pac. 811). The principle upon which this doctrine is founded, and the reasons for it, are set out in the opinions referred to, and need not be again stated. The testimony of Deardorf was in violation of this rule, and was incompetent.

3. The measure of damages was the reasonable value to the plaintiff of the grass or pasturage eaten or destroyed by defendant's sheep, together with the injury, if any, to the freehold. It would have been competent for a qualified witness to give his opinion as to the value of the grass or pasturage eaten or destroyed ( *Woodbeck* v. *Wilders*, 18 Cal. 131 ; *Lommeland* v. *St. Paul, M. & M. Ry. Co.* 35 Minn. 412 (29 N. W. 119), but not as to what he might consider the amount in which plaintiff was damaged, for that was the ultimate fact to be determined by the jury.

4. It was also competent for the defendant to show, as he offered to do, that the plaintiff and other parties had cattle grazing on the same land with his sheep during the time of the alleged trespass, and that a part of the injury complained of was caused by such cattle. He is liable only for the mischief done by his sheep, and not for that done by animals belonging to other parties: 2 Waterman, Trespass, § 871; *Dooley* v. *Seventeen Thousand Five Hundred Head of Sheep*, (Cal.) 35 Pac. 1011.

The judgment is reversed, and a new trial ordered.

REVERSED.