Argued March 21, reversed and remanded with directions July 9,
rehearing denied September 17, 1929.

## J. LEROY SMITH *v.* M. PALLAY ET AL.

(279 Pac. 279.)

For appellants there was a brief over the names of *Mr. S. P. Ness* and *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. C. J. Young.*

For respondent there was a brief and oral arguments by *Mr. Loyal H. McCarthy* and *Mr. J. LeRoy Smith.*

RAND, J.—This is an action to recover damages for breach of contract. From a judgment in favor of plaintiff, defendants have appealed.

In substance, the complaint alleges that on or about July 1, 1927, plaintiff entered into an oral contract with defendants whereby it was agreed that plaintiff, who was then practicing law in Portland, should give up his practice, provide himself with an automobile and go to reside with his family on one of defendants' ranches in Union County and act as manager for them of two ranches then owned by them, and also represent them as their attorney, in consideration of which defendants agreed to employ him for the period of one year at a salary of $100 per month and to furnish him with a suitable house in which to live, pasturage and feed for one cow and one sow and their increase, and allow him to raise on said ranches and to dispose of for his own use and benefit such fruit, vegetables, garden truck and poultry as he desired, and also to permit him to engage in the practice of law in Union County so long as such practice did not seriously interfere with the performance of his duties to defendants. The complaint further alleges that he per-

formed all of the conditions of the contract upon his part; that defendants failed to provide a suitable house for his occupancy, and that on October 28, 1927, in violation of their contract, they sold said ranches and wrongfully discharged him from their employment, and that, because of such breach of said contract, "plaintiff has sustained damages in the sum of $5000."

The answer in effect admitted the employment by defendants of plaintiff and that he was to be paid $100 per month for his services, but denied that he was to be employed for any definite period of time and alleged that his services were to continue only as long as his work was satisfactory. It alleged that before the contract was entered into plaintiff represented himself as an experienced and successful farmer and stated that he could manage said ranches so as to make them profitable to defendants; that relying upon such representations, they employed him at a salary of $100 per month; that plaintiff was not an experienced farmer and that his services were not satisfactory; that he failed to properly harvest the crops, thereby causing great loss to defendants; that defendants sold one of said ranches and offered to continue plaintiff's employment upon the other; that plaintiff was dissatisfied with the conditions under which he was working and voluntarily quit his employment; that plaintiff has been paid in full for all services performed. The answer further alleged that plaintiff, before entering into the contract, had examined the premises and inspected the buildings thereon and was given his choice of the buildings for the occupancy of himself and family.

The reply admitted that plaintiff had inspected the ranches and examined the buildings thereon before

entering into said contract; that plaintiff had been paid in full up to the time of his discharge, but denied that plaintiff had voluntarily given up his employment, and it alleged that he had been ordered by defendants to surrender possession of the ranches and to return to Portland before quitting defendants' employment.

■ During the trial plaintiff was permitted over defendants' objection and exception to state that he had been damaged by the breach of the contract in the sum of $5,000. This ruling was reversible error. The verdict was for $3,250, an amount which was far in excess of any damage which could naturally or would necessarily result from the breach by defendants of the contract in question. Under the allegations of the complaint, if plaintiff had been permitted to perform, he could only have received for his performance the sum of $1,200 and have been furnished with a suitable house in which to reside and the privilege of pasturing and feeding a cow and a sow and their increase, and of raising and selling fruit, vegetables, garden truck and poultry. There was no allegation or evidence that plaintiff raised or contemplated the raising of any fruit, vegetables, garden truck or poultry, or that he kept a cow or sow.

■ Under the proof offered the measure of damage would be the difference between the amount paid as salary and the amount agreed to be paid for the entire term and compensation for plaintiff's loss of a suitable house, such as that contemplated by the contract, in which to live for the remainder of the term. There was, therefore, no basis either under the allegations of the complaint or proof offered upon which a verdict for $3,250 could be sustained.

· ▮ It is settled law in this state that a witness cannot be permitted to give his opinion of the amount of the damage resulting from an act·or omission complained of and that where such opinion has been given in a case the judgment must be reversed unless the verdict is for so small an amount that it is apparent that the error was harmless. Such was the holding in *Burton* v. *Severance*, 22 Or. 91 (29 Pac. 200), in an opinion written by Mr. Chief Justice LORD; *United States* v. *McCann*, 40 Or. 13 (66 Pac. 274); *Pacific Livestock Co.* v. *Murray*, 45 Or. 103 (76 Pac. 1079); *Pacific Ry. & Nav. Co.* v. *Elmore Packing Co.*, 60 Or. 534 (120 Pac. 389, Ann. Cas. 1914A, 371); *Daniels* v. *Northern Pac. Ry. Co.*, 88 Or. 421 (171 Pac. 1178). In each of those cases the judgment was reversed either upon this ground alone or else in conjunction with other errors. The reason for the rule which excludes opinion evidence of the amount of the damage sustained is that the law determines the measure of damage in every case. The question of the amount of damage in a given case is always a mixed question of law and fact. It is the province of the court to instruct the jury as to the true measure of damage and it is then the duty of the jury to apply the rule given by the court in fixing the amount. For a witness to, state his opinion of the amount of the damage in any case is a clear invasion of the province of the jury and for that reason it is not admissible. It is not admissible also for the reason that the opinion presumably is not based upon or controlled by the measure of damage prescribed by law in the given case. While it is never competent for a witness to give his opinion of the amount of the damage, there are cases such as *French* v. *Cresswell*, 13 Or. 418 (11 Pac. 62), and *Montgomery* v. *Somers*, 50 Or. 259 (90 Pac. 674),

where, notwithstanding such error, the judgment was upheld for the reason that it was apparent from the small amount of the verdict that the error was harmless.

Defendants also assign as error the submission by the court to the jury of special damages which were not alleged in the complaint. The only damages alleged in the complaint were general damages, there being no allegation of any special damage.

In an action for breach of contract the injured party is entitled to recover such damages as naturally or necessarily result from the breach. This includes all damages which flow from the breach in the natural course of events or which may reasonably be presumed to have been within the contemplation of the parties at the time the contract was entered into. Unless coming within these rules, a claim for damages is too remote and speculative to be recovered in an action for breach of contract. The fact of damage must be certain and not contingent although the amount of the damage itself may be uncertain and not easily ascertainable. Under these rules for breach of contract, the plaintiff may recover both general and special damages. General damages are those which necessarily result from the act or omission complained of and may be shown under the *ad damnum* or general allegation of damages, at the end of the declaration; for the defendant must be presumed to be aware of the necessary consequences of his conduct, and, therefore, cannot be taken by surprise in the proof of them. Some damages are always presumed to follow from the violation of any right or duty implied by law. Therefore, the law will in such cases award nominal damages, if none greater are proved. But where the damages, though the natural consequences of the act

complained of, are not the necessary result of it, they are termed special damages, which the law does not imply, and, therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial: 2 Greenleaf on Evidence (16 ed.), § 254; 1 Chitty on Pleading (9 Am. ed.), 338; Maxwell on Code Pleading (1892 ed.), 78, 79; *Dose* v. *Tooze,* 37 Or. 13 (60 Pac. 380); *Bussard* v. *Hibler,* 42 Or. 500 (71 Pac. 642); *Sather* v. *Giaconi,* 110 Or. 433, 443 (220 Pac. 740).

██ ██ The damage which was both alleged and proved in the instant case resulted from defendants' failure to pay the salary which they had agreed to pay plaintiff for the eight-month period following his discharge and their failure to furnish him during the same period with a suitable dwelling-house in which to live. These damages, since they necessarily resulted from defendants' breach of the contract, were not special but general damages. That defendants did breach the contract we think is settled by the verdict. As to the two elements of damage referred to, it was not error for the court to admit proof of them or to submit them to the jury as proper elements of damage. However, the court went much further in the case and improperly admitted evidence of the other elements of damage upon which there was either no proof or which were not proper to be proved. One of such elements was the proof of the fact that plaintiff, in complying with the contract, bought an automobile for $250 and sold it for $100 following his discharge. This was not a proper element of damage because the purchase of the automobile was a part of his contract and one of the things

which he agreed to do in consideration of what the defendants were to do for him. He was not entitled to recover for what he had agreed to do in performing the contract upon his part and at the same time recover what the defendants had promised to pay for his performance.

■ There was no averment in the complaint or proof offered upon the trial that plaintiff kept a cow or a sow or raised any fruit, vegetables, garden truck or poultry, or that he ever contemplated doing so. He could, therefore, sustain no damage in respect to those matters by reason of defendants' breach of the contract. Yet all of these matters were submitted to the consideration of the jury to be considered by it as proper elements of damage.

■ Upon the argument and in their brief, defendants request the court to decide the case upon the evidence and to enter a judgment in favor of plaintiff for the amount he is entitled to under the pleadings and proof in the cause and they contend that plaintiff is entitled to a judgment for $435, and no greater sum. They base their contention that the judgment should be limited to said sum upon the fact that the complaint in the action was filed on December 13, 1927, and the case tried on the eighth day of March following and that the trial court ruled that plaintiff could recover his wages up to the time of the trial and not subsequently and that, therefore, plaintiff was only entitled to recover four months' wages and for the amount he was compelled to pay during said period for the rental of a suitable dwelling-house, and from the total of these two amounts they contend that there should be deducted $125 which plaintiff admitted that he had earned during said

period. Under the contract sued on plaintiff was not required to give the defendants the benefit of all of his time but was permitted to engage in the practice of law so long as it did not seriously interfere with his duties to defendants. We cannot agree with defendants' contention that plaintiff's right to recover damages is limited to the time of the trial, nor with defendants' contention that the total amount of recoverable damages should be reduced by deducting the amount which plaintiff earned. It is clear from the evidence that defendants' wrongful discharge of plaintiff and their refusal to further perform the contract upon their part was such a breach of the contract as to discharge the entire contract. In such case the rule is:

" * * If the breach for which the action is brought is such as to discharge the entire contract, all damages caused by such breach, including those which will arise with reasonable certainty after the trial, must be recovered in that action." 2 Page on Contracts (2 ed.), § 3197.

"The right of the party who is not in default to recover the entire damages for the breach of the contract in one action and the merger of a cause of action in judgment, if he brings an action for less than the entire amount of damages, both are governed by the same principles. The question in each case is whether the breach discharges the entire contract, leaving only a cause of action for damages, or whether the breach does not discharge the contract, and the contract remains in full force and effect. In the former case the party who is in default must bring one action in which he must recover all the damages which he seeks to recover. In the second case he must bring a separate action for each successive breach in case there is more than one breach of such contract. If the breach discharges the contract and the party in default voluntarily sues for less

than the amount to which he is entitled, a judgment for such less amount will bar further recovery.''

Upon the second point urged, Mr. Page says:

''If the contract is one which does not require the employe to devote his entire working time to the business of his employer, he is not bound to credit the amount which he obtained or could have obtained at other employment, on the contract price, on the theory that he would have been entitled to earn such amount at such other employment if he had not been discharged. * * '' Id., § 3213.

■ ■ In an action for breach of contract the law attempts to place the party injured by the breach in the position which he would have been in if the other party had performed as nearly as that is possible by means of a judgment for money. The salary contracted to be paid plaintiff for his services during the entire period amounted to $1,200, of which he has been paid $400. The evidence shows that the rental of a dwelling-house for a period of eight months of the kind and character contemplated by the contract amounts to $30 per month. These are the only two elements of damage for which plaintiff, under the pleadings and proof, was entitled to recover. Plaintiff, therefore, is entitled to a judgment for $1,040. He is not entitled to receive any compensation because of his law practice which he gave up on entering into the contract. That was a part of the consideration for which defendants promised to pay him $100 per month and furnish him with a dwelling-house.

For the reasons stated, the judgment of the lower court will be reversed and the case will be remanded to the court below, with directions to enter a judgment in favor of plaintiff in the sum of $1,040, and award-

ing to plaintiff his costs in the lower court, without cost to either party upon this appeal.

REVERSED. REHEARING DENIED.

McBRIDE and ROSSMAN, JJ., concur.

BROWN, J., did not participate in this opinion.