[Civ. No. 5971.   Third Appellate District.—November 15, 1938.]

L. D. MADDALENA, Respondent, v. CLIFF LEDUC, Appellant.

W. E. Davies and Alfred R. Lowey for Appellant.

M. C. Kerr for Respondent.

STEEL, J., *pro tem.*—This is an appeal from a judgment awarding plaintiff the sum of $500 damages in an action for trespass. The cause was tried before a jury upon the issues raised by the complaint, answer thereto, and cross-complaint of the defendant.

Defendant relies for a reversal of the judgment upon the following propositions: (1) That the evidence is insufficient to sustain the judgment; and (2) That the trial court committed error in the giving of, and refusal to give certain instructions.

The essential facts, in so far as this appeal is concerned, are substantially as follows:

The defendant, a sheep owner, acting by and through his employee herder, drove a band of sheep into an enclosure owned by the plaintiff, for the purpose, as testified by the defense, of protecting them overnight from depredations of predatory animals. That evening upon learning what had taken place, the plaintiff caused the arrest of the herder for criminal trespass, and placed one of his employees in charge of the defendant's sheep, who continued in such custody until the next morning when the herder returned. Pursuant to an order or direction of the justice of the peace, the sheep were thereafter held upon the plaintiff's premises for a period of some two days pending proceedings in the criminal matter. Thereafter, the instant suit was filed, wherein the damage alleged to have been sustained was by reason of the sheep depasturing and treading down the feed then growing upon plaintiff's premises.

Appellant herein contends that the reasonable rental value of the pasture land upon which it is claimed the pasturage had been consumed or destroyed is the proper measure of damages, citing the case of *Miller & Lux, Inc.,* v. *Pinelli,* 84 Cal. App. 42 [257 Pac. 573], and maintains that the evidence introduced herein in support of plaintiff's case is insufficient, in that it was not based upon the rule set forth above. That the rule is as stated in the Miller & Lux case, *supra,* there can be no question. However, we are unable to agree with the contention of appellant that the evidence admitted herein was not in substantial accord with such rule. While it is true the plaintiff testified in response to questions of his counsel, and without objection upon the part of the

defense, relative to the nature of the damage suffered, as well as the amount thereof, it also appears from the record that upon direct examination of the witness Scolari called by the plaintiff on the issue of damages, the court sustained the objection to a direct question as to what the damage would be for the pasturage in question. Thereafter, the testimony was admitted under questions relating to the market value of the pasturage at the time of the alleged trespass. While the term "market value" may be distinguished from "rental value" as a general proposition, we are of the opinion that when referring to the subject of grazing or pasturage, the terms are in effect synonymous and unquestionably would be so understood by the trier of the facts.

The witness Scolari was shown to be a rancher who resided within six miles of the premises here involved during his entire lifetime, and qualified by experience to testify as to the value of the pasture. In the case of *Pacific Livestock Co.* v. *Murray,* 45 Or. 103 [76 Pac. 1079], the court stated: "It has often been held that in an action to recover damages, a witness may state the facts upon which the damages are predicated, and in a proper case, if qualified, may give his opinion upon a question of value, when material; but he cannot express an opinion as to the amount of damages sustained by the plaintiff, because that is exclusively within the province of the jury under the instruction of the court. . . . It would have been competent for a qualified witness to give his opinion of the value of the grass or pasturage eaten or destroyed. (*Woodbeck and Matter* v. *Wilders,* 18 Cal. 131; *Lommeland* v. *St. Paul, Minn. & Man. Ry. Co.,* 35 Minn. 412 [29 N. W. 119].)"

Objection is made because of the refusal of the court to give two instructions—one, relative to the duty of one who impounds animals trespassing upon his property to feed and care for them properly; and the other to the effect that defendant was not liable for the care and keep of the sheep while held pursuant to the order of the court or constable. The two instructions were properly refused. This is not a case of impounding so far as the plaintiff is concerned. It appears without conflict that the defendant's herder intentionally drove the sheep into the enclosed pasturage of the plaintiff; and without permission so to do. The right of the plaintiff to recover under such circumstances is plain.

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Civ. Code, sec. 3333.)

We are of the view that there is substantial evidence to sustain the verdict, and that no reversible error appears in the record.

The judgment is affirmed.

Thompson, J., and Pullen, J., concurred.