Argued and submitted May 6, at Pendleton, Oregon, affirmed September 7, 1988

BENTZ et al,
*Respondents,*

*v.*

## WALLOWA TITLE COMPANY,
*Appellant.*

(87-03-9462; CA A45308)

761 P2d 10

Lorin M. Ricker, Enterprise, argued the cause for appellant. On the briefs was Joel K. Ricker and Ricker & Ricker, P.C., Enterprise.

William R. Kirby, Enterprise, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

GRABER, J.

## GRABER, J.

Defendant appeals a judgment for plaintiffs in this action for breach of an escrow agreement. The jury found defendant liable for having paid out the money in its possession without complying with the oral instructions that it had received. Defendant asserts that it did not violate its instructions, because plaintiffs and the seller improperly rescinded the underlying contract, and that, as a matter of law, plaintiffs suffered no damage. We affirm.

Because the jury found in plaintiffs' favor, we state the facts most favorably to them. *See Brown v. J. C. Penney Co.,* 297 Or 695, 705-706, 688 P2d 811 (1984). Plaintiffs agreed to purchase land from a third party and signed an earnest money agreement with the seller. The parties chose defendant as the escrow agent for the closing and for the land sale contract that was to follow. They did not, however, execute any written escrow instructions. The title report, which plaintiffs and the seller received before the time originally scheduled for the closing, revealed two mortgages covering a portion of the property. Plaintiffs and the seller agreed to defer the closing until those liens were removed. On March 29, 1985, plaintiff Bentz told defendant of that agreement and instructed it to keep all documents and money in the escrow until the liens were cleared. Plaintiffs then deposited $10,299.24 with defendant for the down payment and took possession of the property. Despite the contrary oral instruction, defendant paid out the money after clearing only one lien. It paid the seller $5,596; the rest was applied to the realtor's commission and other closing costs.

Defendant did not tell plaintiffs that it had closed the transaction, although plaintiffs asked about the status of the liens several times. In August, 1985, plaintiffs decided to terminate the transaction, believing it to be stalled.[1] They discovered that they were too late. They and the seller agreed to rescind the contract, and the seller ultimately repaid the $5,596 that it had received. Plaintiffs then brought this action

---

[1] Defendant suggests that plaintiffs decided to abort the transaction because they had discovered that the county planning department would not allow them to use the property for rentals. Even if defendant were correct, that fact would not affect the escrow's obligations. Its responsibility was to carry out the parties' instructions, not to determine the reasons why the parties made the decisions that they made.

to recover the remainder of the down payment from defendant on the ground that it had breached the escrow instructions.[2] Plaintiffs obtained a judgment for $3,500.

 Defendant's first argument is that plaintiffs did not have sufficient grounds to rescind the contract. That argument is irrelevant. The parties to a contract, including an earnest money agreement, may always decide to cancel it. *See Stein v. Gable Park, Inc.*, 223 Or 17, 26, 353 P2d 1034 (1960). An escrow agent is a neutral stakeholder and has no interest in the substance of the transactions in which it acts. *See* ORS 696.505(2)(3). Its responsibility is simply to carry out its instructions. There were no written instructions, in apparent violation of the governing administrative regulations. OAR 863-50-010(1).[3] Defendant was, however, bound by the oral instructions that it received. The jury found that plaintiffs correctly stated what those instructions were. Defendant's obligation was to wait until the liens were cleared before paying any money, and defendant breached that obligation. Plaintiffs are entitled to recover the damages here, no matter what their rights in an action against the seller might be.

██ Defendant also asserts that the proper measure of damages is not the difference between what the seller repaid plaintiffs and the amount of the down payment, but only the cost of removing the liens, which apparently was nothing. Damages are recoverable for a breach of contract if they flow naturally from the breach or may reasonably be presumed to be within the contemplation of the parties when they entered into the contract. *Smith v. Pallay et al.*, 130 Or 282, 289, 279 P 279 (1929). The only instruction that the court gave on damages properly stated the criteria of *Smith*. The jury necessarily found that plaintiffs and the seller intended that the title be clear before the escrow would distribute the down payment and that defendant was aware of that intention. Although the jury could have found that the only damage was

---

[2] Defendant removed the second lien in October, 1985, after plaintiffs and the seller orally agreed to rescind the sale but before they signed the formal rescission agreement.

[3] Defendant challenges the admission in evidence of OAR 863-50-010(1), which requires written escrow instructions before an escrow may accept funds, property, or documents. The rule was admissible to show the terms of the escrow contract imposed by law. *See Blizzard v. State Farm Automobile Ins. Co.*, 86 Or App 56, 738 P2d 983, *rev den* 304 Or 149 (1987).

the cost of clearing the liens, it did not have to make that finding. Thus, the court could not have ruled as a matter of law for defendant.[4]

Affirmed.

---

[4] Defendant's other arguments are either without merit or were not properly preserved.