Argued October 30, reversed and remanded November 29, 1967

# CITY OF BURNS, *Appellant, v.* NORTHWEST-ERN MUTUAL INSURANCE CO., *Respondent.*

434 P. 2d 465

*Milo Pope,* Milton-Freewater, and *Wendell Gronso,* Burns, argued the cause for appellant. With them on the briefs were Cramer and Gronso, Burns.

*Gerald R. Pullen,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Smith, Portland.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

HOLMAN, J.

Plaintiff brought an action upon a policy of liability insurance issued to it by defendant. The trial

court sustained a demurrer to plaintiff's complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff appealed from an order dismissing its complaint when it failed to plead further.

The present controversy arises out of litigation previously before this court. *Hovis v. City of Burns*, 243 Or 607, 415 P2d 29 (1966). In that case Mrs. Hovis received a judgment against plaintiff for emotional injury caused to her, when, without her authorization, plaintiff moved the body of her deceased husband from one grave to another in a cemetery operated by it. Plaintiff tendered to defendant the defense of Mrs. Hovis's action and demanded that defendant pay the judgment Mrs. Hovis received. Defendant refused to do either.

■■ The first issue tendered by the complaint is whether there was a duty upon defendant to defend the action filed against the city by Mrs. Hovis. The provisions of the policy relating to the payment by the insurer of claims against the insured were as follows:

> "Coverage A—Bodily Injury Liability: To pay on behalf of the Insured, all sums which the Insured shall become obligated to pay by reason of the liability (1) imposed upon him by law, * * * for damages because of bodily injury, sickness or disease, * * * sustained by any person or persons caused by an occurrence."

The provisions relating to defense were as follows:

> "With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the Company shall:
>
> "(a) defend any suit against the Insured *alleging such injury*, sickness, disease or destruction and seeking damages on account thereof, * * *."

(Emphasis ours.)

The policy contained the following exclusion to its coverage:

"This policy does not apply:

\* \* \* \* \*

"(g) to injury, sickness, death or destruction caused intentionally by or at the direction of the insured;"

Plaintiff's complaint discloses that the allegations of Mrs. Hovis's complaint against plaintiff contained the following:

"V

"That thereafter the defendant did cause the body of the said Gerald Dale Gray, Sr., to be moved or disinterned (sic) without having previously or ever having obtained the permission of the Plaintiff causing her shock, indignation, dismay, mental anguish and upsetting her physically and emotionally to her damage in the sum of $10,000.00.

"VI

"That the said disinternment (sic) was done willfuly (sic), wantonly, and maliciously entitling plaintiff to punative (sic) damages in the sum of $10,000.00."

Under the policy the company engaged to defend only actions that alleged an insured risk. The duty of defendant to defend the action against plaintiff depended upon whether Mrs. Hovis's complaint stated a claim within the policy coverage. *McKee v. Allstate Ins. Co.,* 246 Or 517, 426 P2d 456 (1967); *Isenhart v. General Casualty Co.,* 233 Or 49, 54, 377 P2d 26 (1962); *Blohm v. Glens Falls Ins. Co.,* 231 Or 410, 417-418, 373 P2d 412 (1962); *Macdonald v. United Pacific Ins. Co.,* 210 Or 395, 410, 311 P2d 425 (1957). The complaint upon which the Hovis case went to trial stated a cause of action for intentional harm

and therefore alleged an excluded injury and not one within the policy coverage. The complaint alleged the removal of the body was malicious. This is an allegation that it was done with the intent to harm. Therefore, there was no duty upon defendant to defend Mrs. Hovis's claim against plaintiff at the trial court level.

The inquiry does not end here. Plaintiff pleaded that the judgment awarded by the jury was within the policy coverage because immediately prior to the submission of the case to the jury, paragraph VI of Mrs. Hovis's complaint, containing the allegations of malicious disinterment, was stricken because there was no evidence to sustain it. The plaintiff argues that the duty to defend and the duty to pay the judgment are independent of each other and the defendant is responsible for the judgment even if it had no duty to defend.

■ The problem was anticipated in *Macdonald v. United Pacific Ins. Co.,* supra, at page 410 where the following is found:

"It may be that cases will arise under our procedure in which there was no duty to defend but in which the ultimate proof shows a duty to pay, * * *."

It seems clear from the terms of the policy that the duty to pay the obligation of the insured for damages and the duty to defend insured are independent of each other. At the time the case went to trial the complaint did not allege a covered injury and this is the prerequisite to a defense by the insurer. If, however, at the time of adjudication it had been converted into a claim for a covered injury, there appears to be no bar in the policy to the obligation of defendant to

pay any resulting judgment. The allegations of the complaint *at the time of the commencement of the trial* are only relevant to a defense of the claim.

Having decided that there was no duty to defend at the trial level and that the insurer's duty to pay the claim is not necessarily precluded by the failure of the complaint to state a covered claim at the time of the commencement of the trial, it remains to be determined whether the complaint upon which the judgment was ultimately returned, as disclosed in the present pleading, stated a covered claim.

■■ At the time Mrs. Hovis's claim was presented to the jury it no longer contained any allegation of maliciousness. It was a claim for damages because the city moved the body of her husband without securing her consent as required by statute. Defendant contends that the claim still came within the previously set forth policy exclusion because the moving of the body was an intentional act. While the moving of the body was an intentional act, it does not necessarily follow that the injury was intended. The policy exclusion relates to *injury* caused intentionally. It is not sufficient that the insured's intentional, albeit wrongful, act has resulted in unintended harm; it is the harm itself that must be intended before the exclusion will apply. An act may be so certain to cause a particular kind of harm that it can be said that a person who did such an act intended the harm. However, we do not believe that moving a grave is such an act. Cases which have distinguished between an intent to do an act and an intent to harm, and which hold that the injury itself must be an intended result before such an exclusion will apply are: *American Insurance Co. v. Saulnier,* 242 F Supp 257 (DC Conn 1965); 61 Ill App2d 157, 209 NE2d 18 (1965); *Morrill v. Gallagher,*

370 Mich 578, 122 NWS2d 687 (1963); *Baldinger v. Consolidated Mutual Insurance Co.,* 222 NYS2d 736, aff'd 183 NE2d 908 (1961); *Peterson v. Western Casualty and Surety Co.,* 5 Wis2d 535, 93 NW2d 433 (1958). Mrs. Hovis's complaint against plaintiff upon which her judgment was returned did not allege an intentional injury within the policy exclusion.

■ The provisions of the policy previously set forth require that a covered injury must be an injury caused by an "occurrence." Defendant contends the moving of the body was not an occurrence as defined by the policy. The policy definition of an occurrence is:

> "The word 'occurrence' whenever used in the policy shall mean a happening or a continuous or repeated exposure to the same general conditions, which, unexpected by the Insured, causes injury during the policy period."

The thrust of defendant's argument is that there was not an "occurrence" within the meaning of the policy because the injury to Mrs. Hovis was not "unexpected" by the insured. As we have previously indicated there are some acts which will so surely cause harm that harm can be said to have been intended. The same is true of expected harm. However, we do not believe that the probability of harm to a relative by the moving of a body is so great that it can be said it was to be expected. A result that was unintended would seem to be unexpected. A similar provision of an insurance policy was construed as the result of a contention that an injury was not unexpected in the case of *Aetna Cas. & Sur. Co. v. Martin Bros. Contain. & Timber Pr. Corp.,* 256 F Supp 145, 150 (D C Or 1966). The court there found that the use of the word "unexpected" meant the lack of a high degree of certainty. For similar definitions of the word see: *Isbrandtsen*

*Co. v. Lyncroft Grain Corp.*, 8 Misc 2d 521, 166 NYS2d 721, 725 (1957); *Reed, Aplnt. v. Philadelphia Trans. Co.*, 171 Pa Super 60, 90 A2d 371, 373, 33 ALR2d 1166 (1952).

■ ▪ Defendant seeks aid from the rebuttable presumption that a person intends the ordinary consequences of his voluntary act. ORS 41.360(3). It would appear that defendant could have used this argument more effectively in its previous contention that the harm to Mrs. Hovis was intended. However, it has no application to either contention. The presumption is used in determining responsibility for the consequences of a voluntary act. We are not here determining the responsibility of the city for the consequences of its act. That has already been determined by the jury when it awarded Mrs. Hovis a verdict. The presumption has no application to the interpretation of the terms used in insurance contracts.

Defendant urges that the city's act was unlawful without the consent of Mrs. Hovis and that there is a rebuttable presumption that an unlawful act is done with an unlawful intent. ORS 41.360(2). We fail to see any relevance. Presuming the city intended to break the law and did, it does not follow that harm resulting from it was either expected or intended. If it were so, pity the insured motorist with a similar policy who causes injury because he violates a statute relative to the operation of motor vehicles.

The complaint does not state a cause of action under the policy for the cost of the defense at the trial level. It does state a cause of action for the amount of the judgment. It does not state a cause of action for the expense of the defense at the appellate level because the complaint fails to disclose

whether defendant was notified of the change of circumstances under which the judgment was entered and whether it was thereafter tendered the appeal.

Because the complaint did state a cause of action for the amount of the judgment, it was error to sustain the demurrer and to dismiss the complaint. The judgment is reversed and the case is remanded for further proceedings.