Argued August 29, affirmed as modified and remanded October 29, 1979

# FREDERICK, et ux,
### *Respondents,*
### *v.*
# HALLER, et ux,
### *Appellants.*

## (No. 103983, CA 12822)

601 P2d 896

David W. Hittle, Salem, argued the cause for appellants. With him on the brief was Dye & Olson, Salem.

Paul J. DeMuniz, Salem, argued the cause for respondents. With him on the brief was Garrett, Seideman, Hemann & Robertson, P.C., Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action at law seeking general and punitive damages for fraud in connection with the sale of a residence. The case was tried to the court without a jury, and from a judgment for plaintiff in the amount of $9,597.25 general damages and $500 punitive damages, costs and disbursements, defendants appeal.

■ We are satisfied that there is sufficient evidence in the record to permit the trial court to find that plaintiffs were defrauded as they claimed in their amended complaint, and that the award of punitive damages in the amount of $500 was not error. Only two related assignments of error need be considered. They relate to the trial court's overruling defendants' objection to the admissibility of evidence of termite damage and in denying defendants' motion to strike all of that evidence.

Plaintiffs did not allege that the defendants falsely represented that there was no termite damage to the house or that defendants concealed from plaintiffs the existence of termite damage. They did allege that defendants concealed from plaintiffs the true nature of the foundation of the house and at trial introduced evidence as to the reasonable cost of putting in a continuous concrete foundation, which they were led to believe existed at the time they purchased the house. Plaintiffs also offered evidence as to the reasonable cost of exterminating the termites in the foundation, inspection fees and repairing the floor which had been affected by dry rot and termites.

■ It was this evidence to which defendants objected, and which the trial court ultimately ruled was admissible as relating to proof of general damages and refused to strike. We conclude that defendants are correct in asserting that the termite damage was not a part of the general damages alleged by plaintiffs, but should have been alleged as special damages.

[859]

General damages are said to be those naturally and *necessarily* resulting from the breach of duty, whereas special damages are those naturally but not necessarily resulting from the breach. *Parker v. Harris Pine Mills, Inc.,* 206 Or 187, 291 P2d 709 (1955), 56 ALR2d 382 (1957). The record here does not support plaintiff's contention that the termite damage *necessarily* resulted from the fraudulent concealment of the nature of the foundation, although such damage might well be a natural result of the lack of a continuous foundation. Accordingly, those damages should have been specially pleaded; they were not and it was error for the trial court to have admitted evidence with respect thereto as part of the general damages claimed.

The question remains as to a proper disposition of the case. The trial court did not award plaintiffs all of the damages they claimed; the record would have supported an award of $10,135.25 if all items attributable to termite damage had been included. The court did award $9,597.50, which is more than the total of what we view as proper items of general damage. From the record it appears that the total amount that might reasonably be attributable to the termite damage and extermination is $828.75. It is clear that the trial court took the termite damage into consideration, and although we cannot say with certainty that he took all of it into account, he did consider that evidence in awarding damages and awarded at least part of it.

We conclude that the disposition of this case should follow that utilized in *Clements v. Thornton,* 268 Or 367, 520 P2d 893 (1974). In *Clements,* the Supreme Court concluded that the plaintiff was entitled to recover on the alleged contract to insure, but that the jury had not been instructed to reduce the amount of damages by the amount of premium plaintiff was required to pay for the insurance. The evidence on the amount of premium varied between $500 and "in excess of $1000." The Court reduced a judgment for plaintiff by $1000, the "maximum amount the evidence justifies" (268 Or at 377). In this case, the

maximum amount that the evidence would justify reducing plaintiff's judgment would be $828.75. Accordingly, we reduce plaintiff's judgment by that amount.

The judgment of the trial court is affirmed, as modified, and the case is remanded for the entry of a new judgment in accordance with this opinion.

**GILLETTE, J.,** dissenting in part.

I disagree with our disposition of this case. It is generally held that, where a judgment is excessive in a certain sum and there is no dispute concerning the facts from which the amount of the judgment should be derived, the appellate court may either direct the entry of a judgment in the appropriate amount or remand the case for a new trial on that issue. *Cochran v. Baker,* 34 Or 555, 52 P 520, 56 P 641 (1899); *Graham v. Merchant,* 43 Or 294, 72 P 1088 (1903). On the other hand, a finding of material fact, such as the amount due, cannot be supplied by the appellate court on an appeal from a law judgment. *Pacific Lmbr. Co. v. Prescott,* 40 Or 374, 388, 67 P 207, 416 (1902).

Against this rule of long standing, we today order a remittitur where it is not clear from the record what evidence concerning termite damage the trial judge accepted. Neither is there a clear record as to what *ought* to be accepted. Accordingly, I would reverse and remand the case for further proceedings on the issue of damages only.

The majority chooses another route: it grants remittitur in "the maximum amount the evidence would justify," *viz.,* $828.75, citing *Clements v. Thornton,* 268 Or 367, 520 P2d 893 (1974).

*Clements* does at first appear applicable. In that case, the Supreme Court reduced a judgment for plaintiff in an action for breach of an oral contract to procure insurance. The amount represented the approximate yearly premium plaintiff would have had to

pay for a policy such as that the defendant had failed to provide, an amount which the court ruled should have been subtracted from plaintiff's judgment against defendant. Two witnesses had provided pertinent testimony: the defendant, who stated the cost of such a policy would be in excess of $1,000, and plaintiff, who testified defendant had told him the cost would be $500 to $800, although this was apparently the cost of a standard policy unavailable to plaintiff because of plaintiff's driving record. Other uncontradicted evidence indicated that the cost for a similar policy for a similar car operated by a person with a better driving record than plaintiffs was about $800.

With respect to the adequacy of the evidence, the court noted,

"* * * Although more testimony concerning the exact amount of the premium might be desirable, *we believe there was sufficient evidence of its probable amount to go to the jury.*" Clements v. Thornton, supra, 268 Or at 376. (Emphasis added.)

The court then went on to hold, however, that

"* * * If we reduce the plaintiff's judgment by the maximum amount the evidence justifies, the amount of the judgment against defendants would be reduced $1000. We therefore reduce plaintiff's judgment by that amount." *Id.,* at 377.

No mention is made of the extensive prior authority, cited *supra.* Certainly, there is no suggestion that the older case authority is overruled. It may be that the court thought that, once it had ruled the evidence sufficient to go to the jury, it had necessarily ruled tht there was enough evidence to permit it to establish the correct amount of the premium. That may be so but, even if it is correct, it is not precedent for what we do here.

Here, as the majority acknowledges in the material quoted above, the most that can be determined from this record is the maximum amount the evidence would justify *when the correct amount may well be*

[862]

*something less.* By contrast, as I read *Clements,* the correct amount *might well be in excess of $1,000,* but $1,000 was the maximum figure actually given by any witness and was, therefore, the *only* amount which a jury could have found.

Because I find *Clements* to be both confusing as precedent and distinguishable in any event from the present case, and because the rule of substantial— albeit much older—authority appears to me still viable, I respectfully dissent.