Argued and submitted December 21, 1998, affirmed April 14, 1999

Mark RUSSELL
and Kathryn Russell,
*Respondents,*

*v.*

Paul A. KERLEY,
*Appellant.*

(97C-12797; CA A101229)

978 P2d 446

Andrew P. Ositis argued the cause and filed the briefs for appellant.

Lee H. Peterson argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Wollheim and Brewer,* Judges.

BREWER, J.

---

* Brewer, J., *vice* Warren, P. J., retired.

**BREWER, J.**

Defendant appeals a judgment on an arbitration award in plaintiffs' favor. He assigns error to the trial court's refusal to vacate the arbitrator's award, arguing that the arbitrator's punitive damages award exceeded his authority and that the arbitrator was not impartial. We affirm.

In 1995, plaintiffs Mark and Kathryn Russell offered to purchase a house from defendant Paul A. Kerley. The offer was contingent on defendant replacing the roof and doing other necessary repairs, with total costs not to exceed $4,500. Defendant countered with an offer to limit his total repair costs to $4,500 and to provide plaintiffs with an "as-is" disclaimer. Plaintiffs paid their earnest money, reserving a right to inspect. During inspection, a dry-rot problem was discovered. The parties then agreed that defendant would repair the problem at his own expense, above and beyond the $4,500 budget set for the other repairs. The final agreement between the parties included an arbitration clause covering "all claims, controversies, or disputes, including statutory, contract or tort claims (including alleged misrepresentations, concealment, negligence, [and] fraud * * *)."

Defendant proceeded to repair the dry-rot problem, and plaintiffs' inspector approved the work. However, plaintiffs discovered after closing that the inspection and report were inadequate and that a significant dry-rot problem remained, which they repaired at their own expense. Plaintiffs filed a claim against the inspector, which was resolved in their favor. They then filed an arbitration demand against defendant. The demand alleged fraud and violation of the Unfair Trade Practices Act (UTPA), alleging that defendant had concealed the true extent of the dry-rot problem and that he had done only enough repairs to pass inspection. The arbitrator awarded plaintiffs compensatory and punitive damages on both claims, as well as attorney fees on the UTPA claim. Defendant filed exceptions to the award, but the trial court entered judgment in plaintiffs' favor.

On appeal, defendant argues that the arbitrator exceeded his authority by making a UTPA award and by

awarding punitive damages. Plaintiffs contend that an arbitrator derives authority from the agreement of the parties, and that, in this case, the arbitration agreement permitted a punitive damages award.

ORS 36.355(1)(f) provides that the losing party in an arbitration may except to an award if "[t]he arbitrators awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matters submitted." We described our role in reviewing such agreements in *Native Sun v. L & H Development, Inc.*, 149 Or App 623, 627, 944 P2d 995 (1997), *rev den* 327 Or 82 (1998):

> "We review such agreements as a matter of law, *Sloan v. Journal Publishing Co.*, 213 Or 324, 366, 324 P2d 449 (1958), bearing in mind 'Oregon's policy * * * to construe general arbitration agreements broadly to enhance the arbitrability of disputes.' *Budget Rent-A-Car v. Todd Investment Co.*, 43 Or App 519, 524, 603 P2d 1199 (1979). As this court explained in *Snow Mountain Pine, Ltd. v. Tecton Laminates Corp.*, 126 Or App 523, 529, 869 P2d 369, *rev den* 319 Or 36 (1994):
>
>> " 'Under that policy, arbitration is required, unless we can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and we resolve all doubts in favor of coverage.' "

Therefore, we first turn to the language of the arbitration agreement, which provides:

> "**ARBITRATION IN LIEU OF LITIGATION:** [The parties] each agree that all claims, controversies, or disputes, including statutory, contract or tort claims (including alleged misrepresentations, concealment, negligence, fraud and claims for fees or commissions) between or among [the parties] which arise out of or are related to this agreement, or which relate to the interpretation or breach of this agreement shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association, and not by court action. * * * The following matters are excluded from arbitration hereunder: (1) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or land sale contract, (2) a forcible entry and detainer action, (3) the filing or

enforcement of a statutory lien, (4) any matter which is within the jurisdiction of a probate court, or (5) an action for bodily injury or wrongful death. * * *

"**ATTORNEY'S FEES:** The prevailing party in the arbitration shall be entitled to recover reasonable costs and attorney's fees in connection therewith."

Defendant argues that punitive damages are unavailable under the agreement because they are not specifically mentioned. We disagree. The agreement does not specifically authorize compensatory or any other type of damages. By defendant's reasoning, the *only* remedy available to plaintiff would be the "reasonable costs and attorney's fees" explicitly mentioned. Such a result would be illogical. *See Gamble v. Sukut*, 208 Or 480, 488, 302 P2d 553 (1956) (permitting damages under arbitration agreement that provided for the settlement of "any disagreement," but did not specifically mention damages). Examining the arbitration provision as a whole, we conclude that the agreement *does* extend to the arbitrator the authority to award punitive damages, in light of the rule in Oregon that arbitration agreements are to be broadly construed in favor of arbitrability.

The agreement specifically grants to the arbitrator authority to decide "all claims," whether statutory, contractual, or in tort. Furthermore, the agreement here *specifically* includes fraud, a claim which permits recovery of punitive damages. *See, e.g., Smallwood v. Fisk*, 146 Or App 695, 703, 934 P2d 557 (1997); *Haag v. Cembellin*, 89 Or App 75, 82, 748 P2d 143 (1987), *rev den* 305 Or 273 (1988); *Frederick v. Haller*, 42 Or App 857, 859, 601 P2d 896 (1979). Moreover, the detailed list of exclusions from the scope of the arbitrator's authority does not refer to punitive damages. For these reasons, we conclude that the arbitration agreement permits a punitive damages award.

◼    Having so concluded, we next turn to the question of whether an arbitration agreement may lawfully provide for an award of punitive damages. At least one Oregon case has tacitly approved the award of punitive damages in an arbitration. *Condliff v. Priest*, 82 Or App 115, 727 P2d 175 (1986) (reversing modification of arbitration award on the ground that the trial court abused its discretion by untimely altering

the award). Defendant correctly observes that the Oregon arbitration statutes, ORS 36.300 through ORS 36.365, are based on New York's arbitration law. However, we are not bound to follow New York case law disapproving punitive damages in the arbitration context, *Garrity v. Lyle Stuart, Inc.*, 40 NY2d 354, 386 NYS2d 831 353 NE2d 793, 794 (1976)—a rule that, in any event, has been limited in light of more recent cases. *See, e.g., Mulder v. Donaldson, Lufkin & Jenrette*, 648 NYS2d 535, 224 A2d 125, 130 (1st Dept 1996) (where Federal Arbitration Act governs, federal law preempts state law disallowing punitive damages in arbitration). We hold that, as a matter of Oregon law, an arbitrator may award punitive damages if the arbitration agreement permits such an award and if such damages are otherwise recoverable on the underlying claim. An arbitrator's authority to award punitive damages derives from contract. If anything, such authority is reinforced and not inhibited by Oregon's broad policy favoring the arbitrability of disputes.

■ ■ Defendant also argues that the award should be vacated because the punitive damages and attorney fees award demonstrate that the arbitrator was impermissibly biased. In addressing this contention, we do not review the substantive correctness of the arbitrator's decision. *Native Sun*, 149 Or App at 628-29. Defendant alleges that the arbitrator had "bias and partiality in his heart" but makes no showing of any relationship or improper communication between the arbitrator and plaintiffs to support his claim. *See Contractors, Inc. v. Form-Eze Systems, Inc.*, 68 Or App 124, 128-29, 681 P2d 148, *rev den* 297 Or 824 (1984) (holding that even a preexisting relationship between arbitrator and one attorney, post-arbitration communication between arbitrator and same attorney, and alleged factual errors in the arbitral award did not constitute a showing of partiality). Defendant does not point to any other evidence or inference of bias in the record. We reject defendant's bias argument without further discussion.

■ Finally, defendant makes an implicit due process argument for the first time on appeal. He reasons that an arbitrator should not have the power to award punitive damages, because the limited reviewability of such awards subjects the parties to the risk of unbridled recoveries. Without

expressing an opinion on the merits of this argument, we decline to consider the question because defendant did not preserve the issue by raising it before the trial court. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988).

Affirmed.