Argued and submitted January 3, reversed and remanded April 6, 2011

STATE FARM
FIRE AND CASUALTY COMPANY,
*Plaintiff-Respondent,*

*v.*

AMERICAN FAMILY
MUTUAL INSURANCE COMPANY,
*Defendant-Appellant.*

Marion County Circuit Court
07C11056; A142944

253 P3d 65

Todd S. Baran argued the cause and filed the briefs for appellant.

Michael J. Walker argued the cause for respondent. With him on the brief were J. Philip Parks and Parks, Bauer, Sime, Winkler & Fernety, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Edmonds, Senior Judge.

EDMONDS, S. J.

## EDMONDS, S. J.

Defendant appeals, after the trial court granted summary judgment to plaintiff in this declaratory judgment action. The judgment entered by the trial court declares that defendant had a duty to defend its insured Edgewater Homes, Inc. (Edgewater) in an action for damages brought against Edgewater by Sorab and Haleh Vossoughis. We reverse and remand.

Plaintiff is also an insurer of Edgewater. After the Vossoughises' action was filed against Edgewater, it tendered the defense of the claims to both plaintiff and defendant. Plaintiff undertook to defend Edgewater, but defendant denied coverage and refused to defend. This action brought by plaintiff seeks a declaration that defendant was obligated to defend Edgewater and is obligated to contribute to the costs of defense incurred by plaintiff. After plaintiff's action was filed, the parties filed cross-motions for summary judgment.

The summary judgment motions rely on the following facts. In July 2000, Edgewater contracted to build a residence for the Vossoughises. Work on the residence was substantially completed by Edgewater in December 2001. In 2006, the Vossoughises filed an action against Edgewater alleging that they had incurred damages to the residence as the result of Edgewater's breach of contract; breach of implied warranties, including a warranty of habitability; and negligence. After hearing the parties' motions, the trial court ruled that the Vossoughises' claims alleged a time period covered within the policy issued by defendant to Edgewater, that an "occurrence" had resulted from Edgewater's actions as defined by the policy, and that the allegations of damage were covered by the terms of the policy and were not subject to exclusion.

On appeal from the grant of summary judgment for plaintiff and the denial of defendant's motion for summary judgment, defendant frames a number of issues, one of which is dispositive. Defendant argues that it does not owe a duty to defend Edgewater under its policy because the allegations in the Vossoughises' complaint do not allege "property damage" within the terms of its policy. In defendant's words: "Does a

claim against a construction contractor for failing to complete work, or for performing shoddy work, involve 'property damage' under a liability insurance policy that defines that term to include (1) physical injury to tangible property, or (2) loss of use of uninjured tangible property?"

In response to that question, plaintiff argues that

"[t]he [Vossoughises'] Complaint did not identify the nature of the damage or when the damage occurred. Given the Vossoughis[es]' broad and ambiguous allegations, the Complaint would have allowed them to introduce evidence that that water had entered through their home's exterior due to Edgewater's negligence. The Vossoughis[es] additionally could have introduced evidence that the water intrusion damaged their home's components or contents and that some of the damage had occurred [during the time that defendant's policy was in effect]. If the Vossoughis[es] were to offer such evidence, coverage clearly would have applied because that evidence would have established that Edgewater's negligence caused property damage during the policy period."

In particular, plaintiff relies on the allegations in the Vossoughises' complaint that Edgewater was negligent in "[a]pplying a defective EIFS product and cladding system[,]" in "[f]ailing to seal the EIFS at through attachments[,]" in "[f]ailing to properly seal the metal rod flashings which penetrate through the EIFS system[,]" and in "[f]ailing to properly install sealant on the back windows[,]" as the allegations that triggered defendant's duty to defend Edgewater.[1]

In general, we examine two documents, the insurance policy and the complaint, to determine whether an insurer has a duty to defend under its policy. *Abrams v. General Star Indemnity Co.*, 335 Or 392, 396, 67 P3d 931 (2003). Thus, the threshold issue is whether the complaint contains allegations of conduct for which the policy provides coverage. *Ledford v. Gutoski*, 319 Or 397, 399-400, 877 P2d 80 (1994); *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 505, 460 P2d 342 (1969). When the complaint contains allegations of conduct for which the policy provides coverage, the

---

[1] According to plaintiff, "EIFS" is an acronym for "Exterior Insulating Finishing System" and is a form of synthetic stucco applied to the exterior of buildings.

insurer has a duty to defend even if the complaint also contains allegations of excluded conduct. *Abrams*, 335 Or at 400.

In this case, defendant's policy provides coverage for "property damage" arising out of an "occurrence" that takes place "in the coverage territory" and that "occurs during the policy period." An "occurrence" is defined by the policy as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" is defined by the policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property."

In plaintiff's view, "claims that a defective product or defective work have only altered a building's appearance and delayed the building's construction do not involve physical injury to the building and do not allege covered 'property damage.'" Rather, "when defective products or work cause physical injury to other parts of a covered building, covered 'property damage' occurs." Accordingly, plaintiff argues that the allegations would have allowed the submission of evidence that Edgewater's negligent work permitted water to intrude into the residence and to cause wall studs or window frames to rot. Defendant counters that, because the complaint does not allege any consequential injury resulting from the allegations of defective workmanship, the Vossoughises could not have recovered damages for injury to other structures without amending their pleadings. It follows, under defendant's view of the allegations in the complaint, that it had no duty to defend Edgewater under the terms of its policy.

Whether defendant had a duty to defend Edgewater under the terms of its policy turns into a pleading issue in light of the parties' arguments. Plaintiff appears to concede that evidence that the Vossoughises were required to reseal the EIFS, replace the metal rod flashings in the EIFS system, and reseal the windows in the residence would not constitute evidence of "property damage" under the terms of the policy. Thus, defendant had no duty to defend Edgewater unless the Vossoughises' complaint, without amendment, could result in liability for water damage to property other than to those components of the EIFS system. Consequently, the issue is

whether the law, in light of the Vossoughises' allegations, would have permitted them to offer evidence and recover damages for injury to other components or contents of their residence.

▉▉▉▉ ORCP 18 B provides that a pleading that asserts a claim for relief shall contain "[a] demand of the relief which the party claims." Compensatory damages for injury to real property are generally divided into categories of general and what has been termed special or collateral damages. Under the law of this state, general damages are damages that naturally and necessarily result from the particular type of injury alleged, whereas special or collateral damages are those damages that may flow naturally from the injury but not necessarily. *Parker v. Harris Pine Mills, Inc.*, 206 Or 187, 208, 291 P2d 709 (1955). General damages, unlike collateral damages, are not required to be pleaded with specificity because the opposing party is on notice as a matter of law that general damages arise from the nature of the injury alleged. *Smith v. Pallay et al.*, 130 Or 282, 289-90, 279 P 279 (1929). In contrast, the failure to plead the exact nature of collateral damages or their derivation will result in their exclusion from evidence and preclude their recovery. *Id.* The exception to that rule is if it is obvious from the remainder of the plaintiff's complaint that the plaintiff is seeking only collateral damages.[2] *Husky Lbr. Co. v. D. R. Johnson Lbr. Co.*, 282 Or 481, 488-89, 579 P2d 235 (1978); *see also Fred Shearer & Sons, Inc. v. Gemini Ins. Co.*, 237 Or App 468, 478, 240 P3d 67 (2010) (holding that, if some allegations reasonably could be interpreted as falling within the provisions of coverage, the insurer owes a duty to defend even if other allegations of conduct or damage are excluded from coverage).[3]

---

[2] The distinction between general and special damages is also the subject of ORS 31.710(2)(a) and (b), which describe general damages as "noneconomic" damages and special damages as "economic damages." The resolution of this case does not require us to discuss or develop the distinction further. *See, e.g., State v. Ferrara,* 218 Or App 57, 70-72,178 P3d 250, *rev den,* 344 Or 539 (2008).

[3] In *Fred Shearer & Sons, Inc.*, the underlying plaintiffs alleged that cracking of stucco occurred and that "they became more concerned as the cracking continued and they began to notice leaking and mold." 237 Or App at 479 (internal quotation marks omitted). We held that the complaint was ambiguous as to whether damages from leaking and mold pertained only to the stucco siding or as well to other parts of the house. Thus, because a reasonable reading of the allegations could implicate coverage as provided for by the policy, it was irrelevant for purposes of the duty to defend that other allegations might be excluded.

After applying the above principles to the circumstances in this case, we conclude that the Vossoughises would not have been entitled to recover for water damage to other components or contents of their residence under the allegations in their complaint. The count in their complaint alleging negligence on the part of Edgewater incorporates by reference paragraphs 6 and 8. Paragraph 6 alleges that "Edgewater subsequently contracted with the following defendants to perform the following work on the Residence: (i) Buildex to apply to the exterior insulation and finish system ('EIFS')." Paragraph 8 alleges:

> "Plaintiffs have recently learned about various defects in the construction of the Residence. The preliminary estimates are that the costs of the repairs will be approximately $346,400. Plaintiffs will later amend this complaint to allege the specific amount of their damages once such amounts can be determined."

Paragraph 11 alleges approximately 37 defects in Edgewater's performance of its contract. The "cost of repairs" for the alleged defective performance alleged in paragraph 11 includes such defects as failing to install expansion joints, terminating nontreated plywood without proper flashing, failing to establish a drainage system in the EIFS, installing a fiberglass coating "that is now cracking[,]" installing gutters that leak, and failing to properly construct decks. The specific allegations in paragraph 11 on which plaintiff relies refer to the application of a defective EIFS product, failing to seal the EIFS, failing to seal metal rod flashings, and failing to properly install sealant on the back windows.

Read together, the allegations in the Vossoughises' complaint are unambiguous. None of the allegations in paragraph 11 allege damage to property other than the EIFS system identified in the particular specification, and none of the identified allegations allege water damage to other components or contents of the residence. Although water damage to other components or contents could have been a natural result from Edgewater's alleged negligent performance of the work identified in the Vossoughises' complaint, such damage was not a necessary result of Edgewater's and Buildex's alleged negligence. Because that water damage was not a necessary result of Edgewater's alleged negligence and was

collateral in nature, the Vossoughises were required to specially plead allegations of such water damage before evidence of it could be properly admitted. *See, e.g., Frederick v. Haller*, 42 Or App 857, 859-60, 601 P2d 896 (1979) (holding, in the context of a claim for fraud based on failure of a residence to have a continuous foundation, that evidence of termite damage was not admissible because the termite damage did not necessarily result from the condition of the foundation as represented). It follows that defendant had no duty to defend against the Vossoughises' negligence claim because the allegations of their complaint did not allege injury to property covered by defendant's policy. Thus, the trial court erred in granting summary judgment for plaintiff and denying defendant's motion for summary judgment.

Reversed and remanded.